UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN SAPERSTEIN,

                                      Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. DAVID DEPALMA,
DET. GERARD FITZPATRICK, D.I. THOMAS CEA,
LT. JOHN SCHNEIDER, SGT. "JOHN" ELDERBAUM,
SGT. PATRICK BENEVENTI, SGT. "JOHN"
STRIFFLER, P.O. "JOHN" MAZZA, P.O. "JOHN"
ADAMISZYN, P.O. "JOHN" HILT, P.O. "JOHN" DEAN,
and P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                      Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 26 2009 ★
BROOKLYN OFFICE

**COMPLAINT**

CV09    312

**JURY TRIAL DEMANDED**

TOWNES, J.

        Plaintiff JOHN SAPERSTEIN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JOHN SAPERSTEIN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. DAVID DEPALMA, DET. GERARD FITZPATRICK, D.I. THOMAS CEA, LT. JOHN SCHNEIDER, SGT. "JOHN" ELDERBAUM, SGT. PATRICK BENEVENTI, SGT. "JOHN" STRIFFLER, P.O. "JOHN" MAZZA, P.O. "JOHN" ADAMISZYN, P.O. "JOHN" HILT, P.O. "JOHN" DEAN, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On April 14, 2006, at approximately 5:00 a.m., plaintiff JOHN SAPERSTEIN was lawfully present in the premises known as 144-16 35th Avenue, Apartment 3A, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, defendant police officers aggressively entered the apartment.

15. Defendants deliberately hit plaintiff JOHN SAPERSTEIN in the face with an entry shield, causing him to fall to the ground.

16. Defendants put a gun to plaintiff JOHN SAPERSTEIN's head.

17. Defendants deliberately handcuffed plaintiff JOHN SAPERSTEIN incorrectly and too tightly.

18. Defendants deliberately stepped on plaintiff JOHN SAPERSTEIN's hand.

19. As a result of these unprovoked assaults, plaintiff JOHN SAPERSTEIN sustained physical injuries.

20. Defendants searched plaintiff JOHN SAPERSTEIN's apartment.

21. Defendants found no contraband in plaintiff JOHN SAPERSTEIN's apartment.

22. Defendants placed plaintiff JOHN SAPERSTEIN under arrest on weapons possession charges, despite defendants' knowledge that they lacked probable cause to do so.

23. Plaintiff JOHN SAPERSTEIN was transported to Booth Memorial Hospital, and from there to the 109th Precinct of the New York City Police Department in Queens, New York.

24. Plaintiff JOHN SAPERSTEIN was then transported to Queens Central Booking.

25. At plaintiff JOHN SAPERSTEIN's arraignment, bail was set at $250,000 because of defendants' false statements.

26. Plaintiff JOHN SAPERSTEIN was unable to make bail and was sent to Riker's Island pending trial.

27. Defendants initiated criminal proceedings against plaintiff JOHN SAPERSTEIN despite defendants' knowledge that they lacked probable cause to do so.

28. During the period between April 14, 2006 and February 11, 2008, plaintiff JOHN SAPERSTEIN was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

29. On or about February 11, 2008, plaintiff JOHN SAPERSTEIN was acquitted of all charges except for possession of a BB-gun.

30. Plaintiff JOHN SAPERSTEIN was held and detained in custody for approximately twenty-two months.

31. While incarcerated because of defendants' false statements, plaintiff JOHN SAPERSTEIN's ribs were broken by another inmate.

32. As a result of the foregoing, plaintiff JOHN SAPERSTEIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff JOHN SAPERSTEIN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FAILURE TO INTERVENE

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Each and every individual defendant had an affirmative duty to intervene on plaintiff JOHN SAPERSTEIN's behalf to prevent the violation of his constitutional rights.

41. The individual defendants failed to intervene on plaintiff JOHN SAPERSTEIN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

42. As a result of the aforementioned conduct of the individual defendants, plaintiff JOHN SAPERSTEIN's constitutional rights were violated and he was subjected to a false arrest and malicious prosecution.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants misrepresented and falsified evidence before the Grand Jury.

48. Defendants did not make a complete and full statement of facts to the Grand Jury.

49. Defendants withheld exculpatory evidence from the Grand Jury.

50. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOHN SAPERSTEIN.

51. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOHN SAPERSTEIN.

52. Defendants acted with malice in initiating criminal proceedings against plaintiff JOHN SAPERSTEIN.

53. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOHN SAPERSTEIN.

54. Defendants lacked probable cause to continue criminal proceedings against plaintiff JOHN SAPERSTEIN.

55. Defendants acted with malice in continuing criminal proceedings against plaintiff JOHN SAPERSTEIN.

56. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

57. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOHN SAPERSTEIN's favor on February 11, 2008, when he was acquitted of all charges against him except for possession of a BB-gun.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants issued legal process to place plaintiff JOHN SAPERSTEIN under arrest.

60. Defendants arrested plaintiff JOHN SAPERSTEIN in order to obtain a collateral objective outside the legitimate ends of the legal process.

61. Defendants acted with intent to do harm to plaintiff JOHN SAPERSTEIN without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JOHN SAPERSTEIN's constitutional rights.

64. As a result of the aforementioned conduct of defendants, plaintiff JOHN SAPERSTEIN was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants created false evidence against plaintiff JOHN SAPERSTEIN.

67. Defendants forwarded false evidence to prosecutors in the Queens County District Attorney's Office.

68. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

69. In creating and forwarding false information to prosecutors, defendants violated plaintiff JOHN SAPERSTEIN's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants arrested and incarcerated plaintiff JOHN SAPERSTEIN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, manufacturing evidence, falsifying paperwork, and testifying falsely.

75. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York**, United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York**, United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York**, United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York**, United States District Court, Eastern District of New York, 01 CV 5750;

- **Daniel Claudio v. City of New York**, United States District Court, Southern District of New York, 08 Civ. 8300;

- **Theodore Richardson v. City of New York**, United States District Court, Eastern District of New York, 02 CV 3651; and

- **Dwayne Cooper v. City of New York**, United States District Court, Eastern District of New York, 06 CV 2139.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN SAPERSTEIN.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN SAPERSTEIN as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOHN SAPERSTEIN as alleged herein.

79. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOHN SAPERSTEIN was falsely arrested and incarcerated.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOHN SAPERSTEIN.

81. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOHN SAPERSTEIN's constitutional rights.

82. All of the foregoing acts by defendants deprived plaintiff JOHN SAPERSTEIN of

federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    Not to have excessive force imposed upon him;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    To be free from malicious abuse of process;

    E.    Not to have cruel and unusual punishment imposed upon him; and

    F.    To receive equal protection under the law.

83. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

## PENDANT STATE CLAIMS

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. On or about May 5, 2008, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

86. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on July 29, 2008.

88. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

89. Plaintiff has complied with all conditions precedent to maintaining the instant action.

90. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. On or about April 14, 2006, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff JOHN SAPERSTEIN, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

93. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff JOHN SAPERSTEIN had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

94. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JOHN SAPERSTEIN.

95. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JOHN SAPERSTEIN.

96. Defendants were motivated by actual malice in initiating criminal proceedings against plaintiff JOHN SAPERSTEIN.

97. Defendants misrepresented and falsified evidence before the District Attorney.

98. Defendants did not make a complete and full statement of facts to the District Attorney.

99. Defendants withheld exculpatory evidence from the District Attorney.

100. Defendants misrepresented and falsified evidence before the Grand Jury.

101. Defendants did not make a complete and full statement of facts to the Grand Jury.

102. Defendants withheld exculpatory evidence from the Grand Jury.

103. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JOHN SAPERSTEIN.

104. Defendants lacked probable cause to continue criminal proceedings against plaintiff JOHN SAPERSTEIN.

105. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff JOHN SAPERSTEIN.

106. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JOHN SAPERSTEIN's favor on February 11, 2008, when he was acquitted of all charges against him except for possession of a BB-gun.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING AND RETENTION

107. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOHN SAPERSTEIN.

109. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. DAVID DEPALMA, DET. GERARD FITZPATRICK, D.I. THOMAS CEA, LT. JOHN SCHNEIDER, SGT. "JOHN" ELDERBAUM, SGT. PATRICK BENEVENTI, SGT. "JOHN" STRIFFLER, P.O. "JOHN" MAZZA, P.O. "JOHN" ADAMISZYN, P.O. "JOHN" HILT, P.O. "JOHN" DEAN, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

110. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOHN SAPERSTEIN.

112. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

WHEREFORE, plaintiff JOHN SAPERSTEIN demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
        January 26, 2009

*[signature]*
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355